UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHATMAN, CDCR #BD-5474,<br><br>        Plaintiff,<br><br>  vs.<br><br>SUPER 8 MOTEL, Oceanside,<br><br>        Defendant. | Case No.: 3:17-cv-02517-DMS-JMA<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |

  ERIC CHATMAN ("Plaintiff"), currently incarcerated at California State Prison Substance Abuse Treatment Facility ("SATF") in Corcoran, California, and proceeding pro se, has filed a five-page Complaint in this Court alleging personal injury, general negligence, and intentional tort claims on a form provided by the Judicial Council of California, and against the Super 8 Motel in Oceanside, California. *See* ECF No. 1.

  Plaintiff has not prepaid the $400 filing fee required to commence civil action pursuant to 28 U.S.C. § 1914(a), instead has he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2.

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner at the time of filing, he may be granted leave to proceed IFP, but he nevertheless remains obligated to pay the entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). A "prisoner" is defined as "any person" who at the time of filing is "incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h); *Taylor*, 281 F.3d at 847.

In order to comply with the PLRA, prisoners seeking leave to proceed IFP must also submit a "certified copy of the[ir] trust fund account statement (or institutional equivalent) ... for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *see Taylor*, 281 F.3d at 850. Thereafter, the institution having custody of the prisoner collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards them to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

While Plaintiff has filed a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), he has not attached a certified copy of his SATF trust account statements for the 6-month

period immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2. Section 1915(a)(2) clearly requires that prisoners "seeking to bring a civil action ... without prepayment of fees ... *shall* submit a certified copy of the trust fund account statement (or institutional equivalent) ... for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added).

Without Plaintiff's trust account statements, Plaintiff's IFP Motion is incomplete and must be DENIED because the Court is unable to assess the appropriate amount of the initial filing fee statutorily required to initiate the prosecution of this action. *See* 28 U.S.C. § 1915(b)(1).

**II.     Screening of Complaint pursuant to 28 U.S.C. § 1915(e)(2)**

In addition, while the Court would ordinarily grant Plaintiff leave to correct his IFP Motion's deficiencies, it instead finds it appropriate to screen his Complaint pursuant to 28 U.S.C. § 1915(e)(2) because at the time of filing Plaintiff was, and remains, "incarcerated or detained in any facility [because he] is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1284 (9th Cir. 2017) (citing 28 U.S.C. § 1915(h), 1915A(c); 42 U.S.C. § 1997e(h)).

    A.    <u>Standard of Review</u>

If a prisoner's complaint "seeks redress from a governmental entity or officer or employee of a governmental entity," the Court "shall review" the pleading "as soon as practicable after docketing," and "dismiss the complaint, or any portion of the complaint, if [it] ... is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1); *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014).

Here, Plaintiff claims he was "jumped and robbed" "by a few guys" while he was recycling on the property of the Super 8 Motel in Oceanside, California sometime

1  "around 2016-2017." *See* Compl., ECF No. 1 at 4-6. He seeks $370,000,000 in damages against the "[w]hole motel," "plus 100%" of the "company" for his personal injuries and medical expenses based on claims of negligence and premises liability under California law. *Id.* at 4. Plaintiff does not seek redress from or name governmental actors as Defendants. *Id.* at 1-2. Therefore, § 1915A(a)'s screening provisions do not apply. *See Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016) ("Section 1915A mandates early review … for all complaints 'in which a prisoner seeks relief from a governmental entity…'") (quoting § 1915A(a)); *see also Thompson v. Hicks,* 213 Fed. Appx. 939, 2007 WL 106785 at *3 (11th Cir. 2007) (noting that because a private defendant was not a "governmental entity" as described in § 1915A, prisoner's complaint as to that defendant was not subject to dismissal under § 1915A).

However, because Plaintiff has filed a motion requesting leave to proceed IFP pursuant to 28 U.S.C. § 1915(a), his Complaint *is* still subject to a sua sponte review, and mandatory dismissal, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief," regardless of whether he seeks redress from a "governmental entity." *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015) (pursuant to 28 U.S.C. § 1915(e)(2) "the court shall dismiss the case at any time if the court determines that—(A) the allegation of poverty is untrue; or (B) the action or appeal—(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

///

To survive a motion to dismiss, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."). However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

B.  Plaintiff's Allegations

As noted above, Plaintiff seeks to sue the Super 8 Motel in Oceanside, based on allegations that he was attacked on their property sometime "around 2016-2017." *See* ECF No. 1 at 5. Plaintiff has since submitted several letters addressed to the Court in an attempt to "explain the details," increase his request for damages to reimburse his ex-wife for alimony, *see* ECF No. 4 at 2-3, and to re-iterate that he was "helping out the U.S. soldiers" at the time he was attacked, and "could have died" as the result of the

5

3:17-cv-02517-DMS-JMA

"excessive force" used by the "four guys" who jumped him. *See* ECF No. 6 at 1-2; ECF No. 8 at 1.

C.     <u>42 U.S.C. § 1983</u>

Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

Plaintiff first fails to state a claim upon which relief can be granted because the only named Defendant, the Super 8 Motel in Oceanside, is not a "person acting under color of state law." *See West*; 487 U.S. at 48; *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (The party charged with a constitutional deprivation under § 1983 must be a person who may fairly be said to be a governmental actor) (citation and quotations omitted). "A civil rights plaintiff suing a private individual under § 1983 must demonstrate that the private individual acted under color of state law; plaintiffs do not enjoy Fourteenth Amendment protections against "private conduct abridging individual rights."" *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002) (quoting *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 722 (1961)). Section 1983 liability attaches only to individuals "who carry a badge of authority of a State and represent it in some capacity." *Monroe v. Pape*, 365 U.S. 167 (1961), *overruled in part by Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

The Constitution protects individual rights only from government action and not from private action; it is only when the government is responsible for the specific conduct alleged that individual constitutional rights are implicated. *Single Moms, Inc. v. Mont. Power Co.*, 331 F.3d 743, 746-47 (9th Cir. 2003). Generally, private parties do not act under color of state law. *See Price v. Hawai'i*, 939 F.2d 702, 707-08 (9th Cir. 1991).

Section "1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong." *Sutton*, 193 F.3d at 835 (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted)); *see also Ouzts v. Md. Nat'l Ins. Co.*, 505 F.2d 547, 551 (9th Cir. 1974) (a purely private actor may be liable for his misconduct in state court, but his conduct is not actionable under Section 1983, regardless of how egregious).

In order for private conduct to constitute governmental action, "something more" must be alleged. *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 939 (1982) ("Action by a private party pursuant to [§ 1983], without something more, [i]s not sufficient to justify a characterization of that party as a 'state actor.'"). Courts have used four different factors or tests to identify what constitutes "something more": (1) public function, (2) joint action, (3) governmental compulsion or coercion, and (4) governmental nexus. *See id.*; *Johnson v. Knowles*, 113 F.3d 1114, 1118 (9th Cir. 1997); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1486 (9th Cir. 1995); *Gorenc v. Salt River Project Agric. Improvement and Power Dist.*, 869 F.2d 503, 506 (9th Cir. 1989).

As currently pleaded, Plaintiff's Complaint fails to allege facts sufficient to plausibly show that the Super 8 Motel in Oceanside, California, performed any public function traditionally reserved to the state, acted as a willful participant in joint action with government agents, was compelled or coerced by, or had any connection whatsoever with, the state when Plaintiff was allegedly injured on its property by four unidentified assailants. *See Iqbal*, 556 U.S. at 678; *Lugar*, 457 U.S. at 939.

Second, Plaintiff has not alleged the violation of any "right secured by the Constitution or laws of the United States" whatsoever. *See West*, 487 U.S. at 48 (citing 42 U.S.C. § 1983). He may not rely on § 1983 as an independent, substantive claim. *See Cholla v. Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 978 (9th Cir. 2004). "[O]ne cannot go into court and claim a 'violation of § 1983'--for § 1983 by itself does not protect anyone against anything." *Chapman v. Houston Welfare Rights Org*., 441 U.S. 600, 617 (1979). "Section 1983 does not create any substantive rights; rather it is the

7

3:17-cv-02517-DMS-JMA

vehicle whereby plaintiffs can challenge actions by governmental officials." *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1056 (9th Cir. 2002). Plaintiff's § 1983 suit fails if he does not allege a plausible violation of his federal constitutional or statutory rights. *Cholla*, 382 F.3d at 978; *Iqbal*, 556 U.S. at 676 ("[A] [§1983] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Finally, to the extent Plaintiff seeks to bring state law claims or charges based on general negligence, premises liability, or alleged criminal acts perpetrated against him at the hands of unknown persons, *see* ECF No. 1 at 5-6, § 1983 offers him no recourse. *See Campbell v. Burt*, 141 F.3d 927, 930 (9th Cir. 1998) (violations of state law alone do not support a claim of liability under § 1983); *Alexandre v. Phibbs*, 116 F.3d 482 (9th Cir. 1997) (unpub.) (section 1983 claims may not be predicated upon the violation of criminal statutes); *see also Buckheit v. Dennis,* 713 F. Supp. 2d 910, 919 (N.D. Cal. 2010) (citing *Doe v. Connecticut Dept. Of Child & Youth Services*, 911 F.2d 868, 869 (2nd Cir. 1990) ("A violation of state law neither gives plaintiffs a § 1983 claim nor deprives defendants of the defense of qualified immunity to a proper § 1983 claim.")); *Ward v. City of Barstow, et al.*, 2017 WL 4877389, at *16 (C.D. Cal. June 23, 2017) (finding alleged violation of the California Penal Code "cannot form the basis of a federal claim under § 1983" as a matter of law), *report and recommendation adopted sub nom. Ward v. City of Barstow*, 2017 WL 4877239 (C.D. Cal. Oct. 27, 2017).

Thus, for all these reasons, the Court finds Plaintiff's Complaint fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Lopez*, 203 F.3d at 1130.

### III. Conclusion and Order

Accordingly, the Court:

1. **DENIES** Plaintiff's Motion to Proceed IFP [ECF No. 2];

2. **DISMISSES** this civil action for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and **DENIES** leave to amend as futile. *See Rosati v. Igbinoso,*

8

3:17-cv-02517-DMS-JMA

791 F.3d 1037, 1039 (9th Cir. 2015) (leave to amend is not required if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal citations omitted).

3. **CERTIFIES** that an IFP appeal from this Order would be frivolous, and therefore not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

4. **DIRECTS** the Clerk of Court to close the file.[1]

**IT IS SO ORDERED**.

Dated: February 15, 2018

Hon. Dana M. Sabraw
United States District Judge

---

[1] While the Court has previously accepted Plaintiff's letters for filing despite his failure to comply with the Court's Local Rules, he is hereby cautioned that S.D. Cal. Local Civil Rule 83.9 provides that "attorneys or parties to any action must refrain from writing letters to the judge," and that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, any additional letters he attempts to file in this matter will be rejected based on Local Rule 83.9, and because this Order terminates his case.